# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.                                                                                          No. CIV 92-1155 JC/LCS

FIFTY-ONE ITEMS OF REAL PROPERTY, et al.,

    Defendants,

    and

RAMON RODRIGUEZ AGUIRRE,

    Claimant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Motion for Recusal of the Honorable John E. Conway, filed by Claimant Ramon Rodriguez Aguirre on August 5, 1998 *(Doc. 395)*. Having reviewed the motion, the memoranda submitted by the parties and the exhibits filed by Claimant, the Court concludes that it should recuse from this matter.

Ramon Rodriguez Aguirre ("Claimant") has recently filed numerous motions to reopen this forfeiture action years after my entry of judgment in favor of the United States. Claimant argues that my recusal is mandated pursuant to 28 U.S.C. § 455(a). Under this provision, a judge "shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned." However, a judge has an equally compelling duty not to recuse when there is no legitimate reason for him to do so. See United States v. Greenspan, 26 F.3d 1001, 1005 (10th Cir. 1994). As the Tenth

Circuit has noted, "[t]he statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993).

The standard for recusal is an objective one--whether a reasonable person aware of all the relevant facts would harbor doubts as to the judge's impartiality. Claimant, one of three fugitives in the parallel criminal proceeding (No. CR 92-0486 JC), has submitted several documents in support of his motion for recusal. Although all of the submitted documents are filled with false and baseless allegations, only two of the documents need be discussed.

The first document, a Declaration of Alicia Armendariz, alleges that prosecutors and government agents bribed her to testify against the Aguirre family in exchange for immunity and $80,000. She also alleges that as to drug charges against her arising during the Aguirre organization trials, prosecutors persuaded authorities to reduce the charges to misdemeanors because a felony conviction would have been detrimental to the credibility of their "star witness." Her allegations do not implicate me in any supposed conspiracy to present fabricated evidence or to enhance her credibility by reducing charges against her.

The second document is a copy of a complaint purportedly filed by an attorney in the United States District Court for the Eastern District of California on Claimant's behalf and that of three of his co-defendants in the criminal case. The pleading alleges that the prosecution and I conspired to falsely imprison him and his relatives and to unconstitutionally deprive them of property.[1]

---

[1] A "Confidential Declaration of Gabriel Refugio Rodriguez Aguirre in Support of Bivens Verified Complaint" was attached as pages 9 through 19 of the California pleading. Claimant has moved to strike and seal this "Confidential Declaration" on the basis that it is covered by his brother's attorney-client privilege and was mistakenly attached as an exhibit in the present case. Because I have not considered this "confidential declaration" in ruling on the recusal motion, I will leave it to the newly assigned judge to address the merits of the motion to strike.

The complaint seeks one million dollars in compensatory damages and one billion dollars in punitive damages. I have not been served with any process in that lawsuit.

For the record, Claimant and his co-defendants have been provided with a fair and impartial tribunal throughout the criminal and civil forfeiture proceedings. Nevertheless, "a judge has a continuing duty to recuse before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality." United States v. Cooley, 1 F.3d 981, 992 (10th Cir. 1993), citing Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 861 (1988). "[I]n applying § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue." Cooley, 1 F.3d at 993. "[W]hat matters is not the reality of bias or prejudice but its appearance." Liteky v. United States, 510 U.S. 540, 548 (1994).

A judge should not recuse himself on unsupported, irrational or highly tenuous speculation. See Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987). Moreover, a judge is not disqualified merely because a litigant sues or threatens to sue him. See United States v. Grismore, 564 F.2d 929, 933 (10th Cir 1977), cert. denied, 435 U.S. 954 (1978); see also United States v. Bray, 546 F.2d 851, 857-59 (10th Cir.1976) (failure to recuse upheld where plaintiff stated, inter alia, that he had filed a brief with the court accusing the judge of bribery, conspiracy and obstruction of justice). If the rule were otherwise, disgruntled litigants could easily thwart the prohibition against using § 455 as a method of "judge shopping."

Especially given the timing of the California lawsuit and its false allegations, the present "threat of litigation" against me seems purposefully calculated to obtain my recusal from this forfeiture action. Indeed, the Tenth Circuit indicated that if there is "any reason to believe that

-3-

threats were made only in an attempt to obtain a different judge, to delay the proceedings, to harass, or for other vexatious or frivolous purpose, recusal would not [be] warranted . . . ." United States v. Greenspan, 26 F.3d 1001, 1006 (10th Cir. 1994).

It is difficult to conceive that I could truly feel threatened by the California litigation in light of the outrageous amount sought by Claimant and his relatives and the absolute bar of judicial immunity. Knowing the falsity of the allegations contained in the California complaint, however, I harbor a nagging doubt that I could suspend my present sense of disbelief of the Claimant's credibility. Even if I felt that I could properly continue to preside over a matter, I am mindful of my duty to insure that public confidence in the fair administration of justice should not be compromised by any appearance of impartiality. Therefore, I find that the interests of justice would be best served by reassigning to a different judge any further proceedings dealing with this civil forfeiture action.

Wherefore,

IT IS HEREBY ORDERED that the Motion for Recusal *(Doc. 395)* be, and hereby is, **granted**. The Clerk of Court is hereby directed to reassign a different judge to this action.

DATED this 14th day of September, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**